UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN FONSECA, | |
| Plaintiff, | 3:09-cv-0586-LRH-VPC |
| v. | |
| HUMBOLDT COUNTY, NEVADA a political subdivision of the State of Nevada; RUSSELL SMITH, | ORDER |
| Defendants. | |

Before the court is defendants Humboldt County, Nevada ("Humboldt County") and Humboldt County District Attorney Russell Smith's ("DA Smith") motion for summary judgment filed on June 9, 2010. Doc. #18.[1] Plaintiff Juan Fonseca ("Fonseca") filed an opposition (Doc. #20) to which defendants replied (Doc. #25).

**I.  Facts and Background**

This matter involves the underlying arrest and prosecution of Fonseca on the charge of attempted murder with the use of a deadly weapon. On March 15, 2008, officers of the Winnemucca Police Department ("WPD") arrested Fonseca for stabbing Jacob Gamez ("Gamez"). Gamez's wife provided a written statement to WPD wherein she claimed that Fonseca stabbed

---

[1] Refers to the court's docket entry number.

Gamez outside of their apartment and without provocation.

On March 20, 2008, the Humboldt County District Attorney's Office ("DA's Office") filed a formal complaint against Fonseca. Subsequently, on April 9, 2008, the DA's Office filed a criminal information charging Fonseca with the crime of attempted murder with the use of a deadly weapon.

After the charge was filed, Joe Connell ("Connell"), an individual related to Gamez's wife, went to the home of DA Smith on June 29, 2008, and stated that she had lied on her statement and that Gamez had been stabbed in Fonseca's apartment after he broke into it. DA Smith allegedly did not disclose this exculpatory information to Fonseca's counsel, attorney Ted Herrera ("Herrera"). Herrera independently investigated the charge against Fonseca and interviewed Connell. During the interview Herrera learned of Gamez's wife recanting her statement and of Connell's conversation with DA Smith. Herrera provided this information to the DA's Office which eventually dismissed the charge against Fonseca and released him from pre-trial custody on April 6, 2009.

Subsequently, on October 2, 2009, Fonseca filed a complaint against defendants alleging eleven causes of action: (1) Fourth Amendment violation; (2) Fifth Amendment violation; (3) *Monell* liability; (4) negligence; (5) negligent hiring, training, supervision and retention; (6) false imprisonment; (7) malicious prosecution; (8) negligent infliction of emotional distress; (9) intentional infliction of emotional distress; (10) declaratory and injunctive relief; and (11) punitive damages. Doc. #2. Fonseca brings his federal claims pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Fourth and Fifth Amendment constitutional rights by failing to disclose exculpatory evidence. *Id*.

Thereafter, defendants filed the present motion for summary judgment arguing that DA Smith is entitled to absolute immunity for his prosecutorial decisions relating to the non-disclosure of exculpatory evidence and that Humboldt County is entitled to judgment on Fonseca's

*Monell* claim for lack of a policy or custom of withholding exculpatory evidence. Doc. #18.

## II.   Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.    Discussion**

    **A. Federal Claims**

Fonseca brings his federal claims pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Fourth and Fifth Amendment constitutional rights by failing to disclose exculpatory evidence. *See* Doc. #2. To establish a violation of § 1983, Fonseca must establish that: (1) defendants acted under color of state law; and (2) defendants deprived him of a right, privilege, or immunity secured by the Constitution and laws of the United States. *See Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998).

Here it is uncontested that DA Smith was acting under color of state law by prosecuting the underlying charge against Fonseca. It is further uncontroverted that a prosecutor's decision to not preserve or turn over exculpatory material to defense counsel is a violation of the criminal defendant's due process rights. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Therefore, Fonseca argues that he has established a claim for violation of his civil rights under § 1983.

However, "[a] state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). In contrast, a prosecutor is only entitled to qualified immunity if he or she is performing investigatory or administrative functions. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

"In deciding whether to accord a prosecutor immunity from a civil suit for damages, a court must first determine whether a prosecutor has performed a quasi judicial function. If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights." *Broam*, 320 F.3d at 1029 (internal citations omitted).

As to Fonseca's Fifth Amendment claim in which he states that DA Smith violated his constitutional rights by failing to disclose exculpatory evidence to the defense, the court finds that DA Smith is entitled to absolute immunity as a matter of law. *See Broam*, 320 F.3d at 1030 (holding that the prosecutor's decision to withhold exculpatory evidence is an "exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.").

Further, as to Fonseca's Fourth Amendment claim in which he alleges that DA Smith violated his constitutional rights by the prolonged detention that resulted from his failure to disclose the information provided by Connell, the court again finds that DA Smith is entitled to absolute immunity. In opposition, Fonseca argues that DA Smith was acting in an investigative capacity in interviewing Connell about the incident and therefore, DA Smith would only be entitled to qualified immunity. However, Fonseca's Fourth Amendment claim relates to DA Smith's decision to not turn over exculpatory evidence in violation of *Brady* which is an exercise of DA Smith's prosecutorial function. *See Broam*, 320 F.3d at 1030. Accordingly, the court finds that DA Smith is entitled to prosecutorial immunity from Fonseca's federal claims and shall grant the motion for summary judgment as to these claims.

**B. *Monell* Liability**

Fonseca further alleges that defendant Humboldt County is liable for DA Smith's violations of his constitutional rights. To prevail on a section 1983 action against a municipality a plaintiff must demonstrate that an official policy or custom gave rise to the constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). Further, a plaintiff must establish a "direct casual link between the municipal action and the deprivation of federal rights." *Board of County Commr's of Brian County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). An individual's exercise of discretion or an isolated departure from established and lawful policy, cannot constitute a bases for municipal liability. *See Pembaur v. Cincinnati*, 475 U.S. 469, 479-80

(1986).

Here, Fonseca alleges that Smith was acting as a policy-maker within the DA's Office and set up an office wide policy of not disclosing exculpatory evidence in violation of *Brady*. However, the court finds that the evidence before the court establishes that DA Smith was acting independently in his decision to withhold the information provided by Connell and that there was no policy by Humboldt County or by the DA's Office that led to his decision. DA Smith's decision was an independent discrete act; not the result of a policy or custom in the DA's Office. Further, the court finds that there is no evidence of other similar *Brady* violations by other members of the DA's Office which would establish a policy or custom supporting Fonseca's allegations. Therefore, Fonseca has failed to establish that Humboldt County had a policy of withholding exculpatory evidence and deprive individuals of their constitutional rights. Accordingly, the court shall grant defendants' motion for summary judgment on this issue.

**C. State Law Claims**

In his complaint, Fonseca alleges several claims arising under Nevada state law. Pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as plaintiff's federal claims. However, the court may decline to exercise supplemental jurisdiction over state law claims if the court determines that federal claims warrant dismissal. 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 716 (1966).

Because the court finds that Fonseca's federal claims warrant dismissal against both defendants, the court declines to exercise supplemental jurisdiction over his remaining state law claims. Accordingly, the court shall dismiss these claims without prejudice.

///

///

6

IT IS THEREFORE ORDERED that defendants motion for summary judgment (Doc. #18) is GRANTED in accordance with this order.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE